

FILED

OCT 25 AM 10: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CHRISTOPHER DIAZ,<br><br>                    Petitioner,<br><br>        v.<br><br>MIKE McDONALD, Warden,<br><br>                    Respondent. | Civil No.   11-2434 LAB (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) NOTIFYING PETITIONER OF POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

///

///

## NOTICE REGARDING POSSIBLE DISMISSAL
## FOR FAILING TO EXHAUST STATE COURT REMEDIES

Petitioner has not alleged exhaustion as to claims one and four. (*See* Pet. at 6, 9.) Having preliminarily determined the petition contains unexhausted claims, the Court notifies Petitioner of the possible dismissal of his petition.

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. *See id.* Here, Petitioner indicates that he has not raised claims one (insufficiency of evidence to support his conviction for torture) and four (trial court error in failing to stay the sentence for one of the counts) in the California Supreme Court.[2] (*See* Pet. at 6, 9.)

## 2. PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### I) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this

///

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

[2] The Court notes that Petitioner's claim four, as presently stated, does not appear to state a cognizable federal claim for purposes of federal habeas review because it alleges only a violation to state law. Petitioner is advised that in order to state a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

option, his papers are due **no later than November 28, 2011**. Respondent may file a reply by **January 10, 2012.**.

### ii) Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this Court **no later than November 28, 2011**.  Respondent may file a reply by **January 10, 2012**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[3]  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under

---

[3] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court **no later than November 28, 2011**. Respondent may file a reply by **January 10, 2012**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[4]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).

---

[4] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *Id.* at 1142-43, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005).

If Petitioner chooses this fourth option, he must file a pleading with this Court **no later than November 28, 2011**. Respondent may file a reply by **January 20, 2012.**

### 3. CONCLUSION

The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL.** If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed without prejudice.[5] *See Rose*, 455 U.S. at 522.

### CONCLUSION

Accordingly, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **NOTIFIES** Petitioner of the possible dismissal of his petition for failing to exhaust his state court remedies. If Petitioner wishes to proceed with this case, he must respond as detailed above **no later than November 28, 2011**.

IT IS SO ORDERED.

DATED: 10-21-11

Larry A. Burns
Larry Alan Burns
United States District Judge

---

[5] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.